AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Orlando Rodriguez TORRES | ) | Case No. |
| | ) | 7:20-MJ-439 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**
December 01, 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY: M. Ramirez
DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  November 29, 2020  in the county of  Ector  in the
Western  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(A) & 846 | Conspiracy to Posess with Intent to Distribute More Than 50 Grams of Actual Methamphetamine |

This criminal complaint is based on these facts:

Please see the attached affidavit incorported herein as if set forth in full.

☑ Continued on the attached sheet.

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

/s/ Kenneth Maher
*Complainant's signature*

Kenneth Maher, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/01/2020

*Judge's signature*

City and state:  Midland, Texas      United States Magistrate Judge Ronald C. Griffin
*Printed name and title*

**AFFIDAVIT**     7:20-MJ-439

1. I, Kenneth Maher, a Special Agent with the Drug Enforcement Administration (DEA) currently assigned to the Midland, Texas Resident Office, being duly sworn state:

2. I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Drug Enforcement Administration as a Special Agent since December 2019 and have participated in several narcotics investigations. I have attended and successfully completed Basic Agent Training in Quantico, Virginia.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, and investigators with Ector County Sheriff's Office and Homeland Security Investigations. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists that Orlando Rodriguez TORRES and all known and unknown co-conspirators did knowingly and intentionally conspire to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation Title 21, United States Code Section 846.

4. During the month of November 2020, Special Agent (SA) Kenneth Maher received information from the Ector County Sheriff's Office (ECSO) regarding an ECSO Confidential Source (CS). ECSO stated that a load coordinator from Mexico has been delivering pound quantities of methamphetamine every Friday for at least six months. On November 28, 2020, ECSO stated that the load coordinator contacted the CS. ECSO stated the load coordinator had

approximately 16 pounds of methamphetamine that the load coordinator was willing to sell to the CS.

5. On November 29, the load coordinator contacted the CS stating that the load coordinator had to sell the 16 pounds of methamphetamine as soon as possible due to the load coordinator getting on an airplane and not having cell phone reception. The load coordinator eventually gave the CS an unknown male's, later identified as Orlando Rodriguez TORRES, phone number. The CS reached out to TORRES stating that the CS would meet TORRES at the Knights Inn Hotel located at 110 W Interstate 20 Odessa, Texas.

6. At approximately 5:40 pm, the CS met with TORRES at the Knights Inn. TORRES gave the CS one package of methamphetamine weighing approximately one pound to show the CS that the methamphetamine was there. At that time, law enforcement detained TORRES without incident.

7. TORRES and TORRES's vehicle were transported to ECSO.

8. Upon arrival at the ECSO, DEA personnel had a DEA canine run an open air sniff on TORRES's vehicle. The DEA canine positively alerted to the smell of narcotics in the vehicle.

9. Law enforcement personnel conducted a probable cause search of TORRES's vehicle. Law enforcement personnel found a black suit case in the backseat of the vehicle containing vacuumed sealed bags suspected to be methamphetamine.

10. Upon arrival at the ECSO, ECSO Sergeant Abel Sanchez informed TORRES that he was not free to leave and advised TORRES of his constitutional rights in Spanish.  After being advised of his rights, TORRES stated that he understood his rights.  The following is only a summary of TORRES's statement and is not verbatim.

11. TORRES stated that he had been contacted before to deliver a suitcase to a hotel room recently. TORRES stated that he was contacted again on November 28, 2020 stating that an unknown individual would deliver a suitcase to TORRES's residence. On November 29, 2020, TORRES

stated that he received a call stating that he would receive a call from a different number and he needed to answer it. TORRES would then need to deliver the suitcase. TORRES gave law enforcement consent to search his residence.

12. TORRES directed law enforcement personnel to his residence. Law enforcement searched the residence and found approximately two kilograms of suspected methamphetamine.

13. The total aggregate weight of all eighteen packages was approximately 10,684 grams.

14. Based on the facts cited above, I believe that probable cause exists that Orlando Rodriguez TORRES and all known and unknown co-conspirators did knowingly and intentionally conspire to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation Title 21, United States Code Section 846.

15. AUSA Monica Daniels agreed to prosecute the case.

16. If convicted, the defendants faces a mandatory minimum term of imprisonment of ten years, not to exceed a life sentence, a minimum five year term of supervised release, not to exceed life, a fine not to exceed ten million dollars, and a one hundred dollar special assessment.

___/s/ Kenneth Maher_____  
Kenneth Maher  
Special Agent  
Drug Enforcement Administration

___12/01/2020_____  
Date

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

Sworn to and subscribed before me in my presence.

_____  
Ronald Griffin  
United States Magistrate Judge

___12/01/2020_____  
Date

3